IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ELIZABETH HARWOOD AND ZANE VANSELOW, individually and on behalf of a class of others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>CHANGE HEALTHCARE TECHNOLOGY ENABLED SERVICES, LLC, fka PST SERVICES, INC., MILWAUKEE RADIOLOGISTS, LTD., S.C., AND MIDWEST AREA PHYSICIANS, LLC.<br><br>    Defendants,<br><br>ACUITY, A MUTUAL INSURANCE COMPANY,<br><br>    Intervening Defendant. | PUTATIVE CLASS ACTION<br>CASE NO.: 2:18-CV-01941-LA |

## STIPULATED PROTECTIVE ORDER

Upon due consideration of the Parties' Joint Motion For Protective Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Wisconsin Uniform Trade Secrets Act, Wis. Stat. §134.90, and for good cause shown, it is hereby ORDERED:

1. "Highly Confidential" Materials. All documents or other tangible things including, without limitation, audiotapes, videotapes, computer disks, recordings, and photographs, and all electronically stored information ("ESI") as described in Local Rule 26, including but not limited to patient/client information, proprietary, non-public, business, financial, or sensitive information produced by any party to another party in this action, under Rules 26, 30, 33, 34, or 45 of the Federal Rules of Civil Procedure, by agreement of the parties, or otherwise, and that are marked "Highly Confidential" on the face of the document by the

producing party shall be treated as "Highly Confidential" materials under this Order. By marking the information as "Highly Confidential" the party is representing that it reasonably believes that the information meets the criteria set forth above and that the information has been kept confidential by the party. Highly Confidential material also includes confidential medical or personal information that is sensitive and non-public in nature, subject to requirements to use reasonable efforts to maintain its secrecy, and/or is protected from public disclosure by state or federal law or regulation and specifically includes "Protected Health Information" within the meaning of 45 C.F.R. §160.103, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Highly Confidential materials shall also include transcripts, notes, working papers, summaries of depositions, or parts thereof, and/or responses to requests for admissions or interrogatories in which Highly Confidential information is discussed or disclosed. Prior to marking any discovery material "Highly Confidential," counsel for the producing party or non-party must make a good faith determination that the material contains Highly Confidential material.

  2. Restrictions on Disclosure of "Highly Confidential" Materials. Except with written prior consent of all parties and nonparties asserting confidential treatment, and except as provided elsewhere in this Order, materials designated "Highly Confidential," and all information contained therein or derived therefrom, may not be possessed, used, or disclosed to any person other than "Qualified Persons" as provided below:

    (a) Counsel of record for each party and employees or agents of counsel who assist in the conduct of this civil action;

    (b) The parties and the corporate parties' officers, directors, or employees that counsel for the parties deem necessary to participate in this civil action. Such

persons must view or use the information for no other purpose than this litigation;

(c) Actual or potential deposition or trial witnesses in this action may be questioned about "Highly Confidential" information, and may view the information to the extent needed to prepare for deposition or trial, but may use the "Highly Confidential" information only for purposes of participation in this litigation;

(d) Court reporters and persons preparing transcripts of depositions;

(e) Outside consultants and experts retained for the purpose of assisting counsel and the parties in the prosecution and/or defense of this suit; and

(f) Other persons upon order of the Court, or upon written agreement by the person or entity that produced or disclosed the Highly Confidential material.

3. Litigation Use Only. All "Highly Confidential" materials, and all information contained therein or derived therefrom, shall be used solely for the preparation and trial of this suit (including any appeals and retrials), and shall not be used for any other purpose, including personal, business, governmental or commercial, or in any administrative, arbitration or judicial proceedings or actions that are separate from this lawsuit.

4. No Waiver. The inadvertent or unintentional failure by either party to designate "Highly Confidential" materials properly shall not be deemed a waiver in whole or in part of the producing party's claim of confidentiality as to the specific document or information disclosed. Within a reasonable period of time following the producing party's discovery that a document or information was not correctly designated, the producing party shall provide notice in writing or by e-mail to the other parties that the document or information was inappropriately designated.

The producing party shall then have seven (7) business days in which to re-designate and produce the properly designated document or information. During the seven days after notice, the document or information shall be treated as Highly Confidential.

5. Objections to Designation. If a party reasonably believes that any document or information should not have been designated as "Highly Confidential" that party must specify, in writing, to the producing party: (a) the document or information at issue and; and (b) the grounds for questioning the confidentiality designation. The party questioning the designation and the producing party must confer in good faith to attempt to resolve the designation without the Court's intervention. Upon written notice to the producing party that the disagreement with respect to the designation cannot be resolved informally, the producing party may move the Court for an order to confirm the producing party's designation. Until the Court rules, the challenged "Highly Confidential" designation, as originally marked by the producing party, shall remain in effect. If the producing party does not move for an order within 20 days of the written notice, the designation shall be deemed withdrawn. A party shall not be obligated to challenge the propriety of a "Highly Confidential" designation at the time made, and a failure to do so shall not preclude any subsequent challenge.

6. Third Parties Bound. No person authorized under the terms of this Order to receive access to "Highly Confidential" materials shall be granted access to such materials unless and until such person has read this Order and agreed to be bound by it in writing.

7. Notice of Breach. It shall be the obligation of counsel, upon notice of any breach or threatened breach of this Order, promptly to notify counsel for the opposing party and producing parties of such breach or threatened breach.

8. Depositions. To the extent that any "Highly Confidential" materials or information obtained therefrom is used in the taking of depositions, or to the extent that any "Highly Confidential" materials or the contents thereof is discussed during a deposition, all such documents and information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with the "Highly Confidential" materials or information. At the time any "Highly Confidential" materials are used in any deposition, the reporter will be informed of this Order and will be required to operate in a manner consistent with this Order, and the reporter shall separately label the confidential portions of the deposition transcript.

9. Filing. Any party that desires to file "Highly Confidential" materials under seal can only do so by following the Court's rules in seeking a Court Order permitting such documents to be filed under seal.

10. No Admission. Nothing contained in this Order, nor any action taken in compliance with it, shall:

> (a) Operate as an admission by any party that a particular document, material, or information is, or is not, confidential;
>
> (b) Operate as an admission by any party that a particular document, material, or information is, or is not, subject to discovery or admissible into evidence at the trial of this suit.

11. Interim Protection. "Highly Confidential" materials produced by any party or nonparty through discovery in this suit prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if this Order had already been entered by the Court, unless the Court directs otherwise.

12. Clawback Provision. If counsel for either party receives a document that appears to reflect or record an attorney-client communication or attorney work product, counsel will promptly notify producing counsel of the inadvertent disclosure and will identify the document in question. This shall be done in writing, within ten days of discovery of the inadvertent disclosure. Within twenty days of the producing party's request for return of a disclosed item, counsel for the non-producing party shall do one of two things:

    (a) return the disclosed item (and all copies thereof) to opposing counsel, in which case the party shall make no litigation or other use of the item or the privileged information reflected in the item; or,

    (b) inform producing counsel in writing that the party has good reason to believe that no privilege exists, for reasons other than the item's inadvertent disclosure, state those reasons, and state that the party reserves the right to use the inadvertently disclosed item for litigation purposes, unless the Court rules otherwise.

If producing counsel receives a notice under subparagraph (b) that the other party intends to make litigation use of an inadvertently disclosed item that the producing party claims is privileged, the producing party shall have the responsibility to bring the matter to the Court's attention and to seek a ruling on the claimed privilege. The filing of such a motion shall preclude the litigation use of the disputed item until such time as the Court may rule on the matter. Even if the Court overrules the claim of privilege with respect to an inadvertently disclosed item, that document will be treated as "Highly Confidential" material under this Order.

13. The parties (and their attorneys) to this civil action are authorized to receive, subpoena, transmit, and/or copy Protected Health Information as defined in 45 C.F.R. § 160.103,

promulgated pursuant to HIPAA. The parties and their attorneys shall be permitted to use and disclose Protected Health Information only for the purpose of the above-referenced civil action, and Protected Health Information shall be treated as Highly Confidential material under this Order.

14. This Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Order is intended to authorize such disclosures under Section 164.512 (e)(1) of the privacy regulations issued pursuant to HIPAA.

15. Nothing in this Order permits the disclosure of confidential communications made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted diseases. Such disclosures shall be made in accordance with HIPAA.

16. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any Protected Health Information.

17. Prior to the commencement of any public hearing or trial, the Court shall establish procedures for the use of Highly Confidential material.

18. Conclusion of Litigation/Return of Documents. The termination of this civil action shall not relieve Qualified Persons from the obligation of maintaining the confidentiality of all Highly Confidential material produced and designated pursuant to this Order, unless the

Court orders or permits otherwise. Within 30 days of the final termination of this civil action, each Qualified Person who has received hard copies of Highly Confidential information shall return the information to counsel for the producing party and shall certify to counsel for the producing party that all electronic copies have also been deleted. If the Highly Confidential information was produced electronically, each Qualified Person shall certify to counsel for the producing party that all electronic copies have been deleted. The return of the information and material shall be acknowledged in writing by the party producing the subject Highly Confidential information within a reasonable period of time.

19. In the event any additional person or entity becomes a party to this civil action, that party shall be subject to this Order.

20. All Qualified Persons to whom Highly Confidential material is disclosed shall be subject to the jurisdiction of this Court for purposes of enforcing this Order. This Order shall continue to be binding after the conclusion of the civil action, and this Court reserves jurisdiction over all parties and Qualified Persons to whom such information was disclosed for the purpose of enforcing this Order.

21. This Order is entered without prejudice to the right of a party to seek modification of this Order. Nothing in this Order shall prohibit a party from seeking further protection of Highly Confidential information by stipulation among all the parties or by application to the Court.

22. This Order does not preempt or restrict a party's right to object to discovery requests, including moving to quash any subpoena issued to a third party, or to the admissibility of any evidence.

SO ORDERED this the ___22nd___ day of ____July__, 2019

                                        s/Lynn Adelman
                                        The Honorable Lynn S. Adelman
                                        United States District Judge

33292944_3