IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ELIZABETH HARWOOD AND ZANE VANSELOW, individually and on behalf of a class of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHANGE HEALTHCARE TECHNOLOGY ENABLED SERVICES, LLC, fka PST SERVICES, INC., MILWAUKEE RADIOLOGISTS, LTD., S.C., AND MIDWEST AREA PHYSICIANS, LLC.<br><br>Defendants,<br><br>ACUITY, A MUTUAL INSURANCE COMPANY,<br><br>Intervening Defendant. | PUTATIVE CLASS ACTION<br>CASE NO.: 2:18-CV-01941-LA |

## FINAL APPROVAL ORDER AND JUDGMENT

This matter came before the Court upon consideration of Plaintiffs' Motion for Final Approval of Class Action Settlement and Class Counsel's Motion for an Award of Fees. After considering the motions and the declarations and exhibits submitted with the motions, the Court enters this Final Approval Order and Judgment ("Final Approval Order"), which constitutes a final adjudication on the merits of all claims of the Settlement Class. It is **HEREBY ORDERED AND ADJUDGED** that the motions are **GRANTED**, the Settlement Class is certified, the Settlement

Agreement[1] is finally approved, Class Counsel are awarded $25,000.00 in fees and costs, and this action is dismissed with prejudice.

**WHEREAS**, on December 28, 2019, the Parties filed the Settlement Agreement (ECF No. 70-1, the "Settlement") which sets forth the terms and conditions of the Settlement and release of certain claims (i.e., the Released Claims) against Defendants, Change Healthcare Technology Enabled Services, LLC ("CHTES"), f/k/a PST Services, Inc., Milwaukee Radiologists, LTD., S.C., and Midwest Area Physicians, LLC (together, "Defendants");

**WHEREAS**, Plaintiffs and Class Counsel have filed motions, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act ("CAFA"), and 28 U.S.C. Sections 1332(d), 1453, and 1711–1715 for orders finally approving the Settlement Agreement, which will dismiss the above-styled action with prejudice, and granting Class Counsel's request for an award of fees and costs;

**WHEREAS**, the Court preliminary approved the Settlement on January 7, 2020 (ECF No. 72), and Class Notice was given to Settlement Class Members pursuant to that Preliminary Approval Order;

**WHEREAS**, the Court has reviewed and considered all papers filed in support of and in opposition to the Settlement, and all exhibits thereto, in order to confirm that the Settlement is fair, reasonable, and adequate, and to determine whether the Final Approval Order should be entered in the above-styled actions pursuant to the terms and conditions set forth in the Settlement Agreement; and

---

[1] All capitalized terms not otherwise defined herein shall have the meaning given to them in the Settlement Agreement.

WHEREAS, upon consideration of the above, the Court finds that the Settlement is fair, adequate, and reasonable to the Settlement Class, within the authority of the Parties, and the result of extensive arm's length negotiations;

THEREFORE, the following is HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of the above-styled matter and personal jurisdiction over the Parties and the Settlement Class. The definitions and provisions of the Settlement Agreement are incorporated in this Order as though fully set forth herein.

2. Pursuant to Rule 23 (a) and (b)(3) and for the purposes of settlement only, the Class is certified as follows:

> Any patient or Person authorized by the patient who paid a fee for the patient's healthcare billing records in excess of that permitted by Wisconsin law and who is identified in the Attorney Billing Records Request Data attached to the Settlement Agreement.

Excluded from the Settlement Class are (i) Defendants, any predecessor, subsidiary, sister and/or merged companies, and all of the present or past directors, officers, employees, principals, shareholders and/or agents of the Defendants; (ii) Any and all Federal, State, County and/or Local Governments, including, but not limited to their departments, agencies, divisions, bureaus, boards, sections, groups, councils and/or any other subdivision, and any claim that such governmental entities may have, directly or indirectly; (iii) Any currently-sitting Wisconsin state court Judge or Justice, or any federal court Judge currently or previously sitting in Wisconsin, and the current spouse and all other persons within the third degree of consanguinity to such judge/justice; and (iv) Any law firm of record in these proceedings, including any attorney of record in these proceedings.

3. For purposes of settlement, the Court appoints Plaintiffs "Class Representatives."

3

Case 2:18-cv-01941-LA    Filed 05/14/20    Page 3 of 9    Document 77

4. For purposes of settlement, the Court appoints the attorneys at Welcenbach Law Offices, S.C., Legg Law Firm, LLP, and Jones and Hill, LLC as Class Counsel.

5. With respect to the Settlement Class, this Court finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class Representatives, identified above, are typical of the claims of the Settlement Class; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds that: (g) the members of the Settlement Class have a limited interest in individually prosecuting the claims at issue; (h) it is desirable to concentrate the claims in this forum; and (i) it is unlikely that there will be difficulties encountered in administering this Settlement.

If the Settlement terminates for any reason, the certification of the Settlement Class shall be automatically vacated, null and void, and the above-styled action shall revert to its status immediately prior to the execution of the Settlement Agreement.

6. The Court finds that the notice given to members of the Settlement Class pursuant to the terms of the Settlement Agreement fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted valid, sufficient, and due notice to all such members. The notice fully complied with due process, Rule 23, CAFA, 28 U.S.C. Sections 1332(d), 1453, and 1711–1715 and with all other applicable law.

7. Those who timely submitted valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Approval Order.

8. The Court finally approves this Settlement, and finds that it is in all respects fair, reasonable, and adequate and in the best interest of the Settlement Class Members. The Parties dispute the validity of the claims in the above-styled action, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement Agreement to be fair, reasonable, and adequate. Class Counsel have reviewed the Settlement Agreement and find it to be in the best interest of Settlement Class members. For all these reasons, the Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of Settlement approval.

9. The Parties, their counsel, and the Settlement Administrator shall fulfill their obligations and duties under the Settlement Agreement.

10. The Court dismisses with prejudice the above-styled action, the Released Claims, and the Released Parties, and adjudges that the Released Claims are released against the Released Parties.

11. The Court adjudges that Plaintiffs and the Settlement Class Members are deemed to have fully, finally, completely, and forever released, relinquished, and discharged the Released Claims against the Released Parties.

12. Plaintiffs and the Settlement Class Members are permanently enjoined and barred from asserting, initiating, prosecuting, or continuing any of the Released Claims against the Released Parties.

13. The Settlement Administrator executed the plan for providing Class Notice according to the terms of the Settlement Agreement. The Class Notices apprised the Settlement Class Members of the pendency of the litigation; of all material elements of the proposed Settlement, including but not limited to the relief afforded the Settlement Class under the Settlement Agreement; of the res judicata effect on members of the class and of their opportunity

to object to, comment on, or opt out of, the Settlement; of the identity of Class Counsel and Class Counsel's contact information; of the right to appear at the Final Approval Hearing. The plan for providing Class Notice prescribed by the Settlement Agreement was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Settlement Agreement, to all parties entitled to such notice. The notice given to members of the Settlement Class satisfied the requirements of Rule 23, CAFA, 28 U.S.C. Sections 1332(d), 1453, and 1711–1715 and the requirements of constitutional due process. The Court has afforded a full opportunity to all Settlement Class Members to be heard. Accordingly, the Court determines that all members of the Settlement Class, except those who timely excluded themselves from the Class, are bound by this Final Approval Order.

14. The Court approves the Incentive Awards of $1,500 to each class representative. The Court also approves payment of attorneys' fees and costs to Class Counsel in the amount of $25,000.00. The Court finds these amounts to be appropriate and reasonable in light of the work performed by Class Counsel and the benefits obtained by the Settlement Class Members. In addition, the Court finds that the Settlement Agreement was negotiated at arms' length and without collusion.

15. The Court designates the University of Wisconsin Law School Consumer Law Clinic as the *cy pres* recipient of any funds remaining after distribution to the class members.

16. Neither this Final Approval Order nor the Settlement Agreement is an admission or concession by Defendants or any of the other Released Parties of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Approval Order and the Settlement Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by Defendants or any of the other Released Parties or any other person in connection with any transaction, event or occurrence, and neither this Final Approval Order nor the Settlement Agreement nor any related documents in this proceeding, nor

any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Approval Order, the Settlement Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in the Settlement Agreement. This Final Approval Order also does not constitute any opinion or position of the Court as to the merits of the claims and defenses related to the above-styled matter.

17. Upon the Effective Date, the Class Representatives and each Settlement Class Member will be deemed to have completely released and forever discharged the Released Parties from the Released Claims. Released Parties and Released Claims have the definitions set forth in the Parties' Settlement Agreement.

18. As of the Effective Date, Settlement Class Members also will waive and release any and all provisions, rights and benefits conferred either (a) by Section 1542 of the California Civil Code, or (b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code, with respect to the claims released pursuant to Section 20 above. Section 1542 of the California Civil Code reads:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

19. Plaintiffs and Settlement Class Members may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally, and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the

release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

20. Upon the entry of this Judgment, Plaintiffs and each and all of the Settlement Class Members are hereby permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against Defendants or any Released Parties in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims, as well as any other claims arising out of, relating to or in connection with, the defense, settlement, or resolution of the Litigation or the Released Claims.

21. Upon entry of this Judgment, Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties. Plaintiffs and each Settlement Class Member are bound by this Judgment, including, without limitation, the release of claims as set forth in the Settlement Agreement. The Released Claims are hereby compromised, settled, released, discharged, and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Judgment.

22. If the Effective Date does not occur because this Order is reversed on appeal or for any other reason, the Parties shall be returned to the status quo ex ante, for all litigation purposes, as if no Settlement had been negotiated or entered into and thus this Final Approval Order and all other findings or stipulations regarding the Settlement shall be automatically void, vacated, and treated as if never filed.

23. The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement, including the implementation and enforcement of the Settlement Agreement.

24. There were no objections to the Settlement. There was one opt out, Osowski Law LLC. and the opt out is excluded from the class.

25. The Court finds that no justifiable reason exists for delaying entry of this Final Approval Order and, good cause appearing, it is expressly directed that this Final Approval Order and Judgment be entered as final and appealable and the case dismissed with prejudice.

26. This Order/Judgment is the final document for purposes of appeal under CAFA, 28 U.S.C. Sections 1332(d), 1453, and 1711–1715 and Fed. R. Civ. P. 23.

ENTERED THIS 14th DAY OF May, 2020

                                                  s/Lynn Adelman
                                                  UNITED STATES DISTRICT JUDGE
                                                  LYNN ADELMAN